(42 Misc. Rep. 559.)

### In re CITY OF GLOVERSVILLE.

. (Supreme Court, Special Term, Fulton County    February, 1904.)

**1. EMINENT DOMAIN—EASEMENT—RAILROAD RIGHT OF WAY.**

  . Under Laws 1903, p. 466, c. 193, authorizing the city to condemn lands for public use, for the purpose of a main trunk or intersecting sewer, a city may condemn land held by a railroad company and occupied by its tracks for the purpose of laying a sewer under the tracks in the same manner as it might condemn the land of an individual.

**2. SAME—PROPERTY HELD FOR PUBLIC USE.**

   A legislature has power to interfere with property held for a public use, and authority also to occupy it for another public use when such other public use may be enjoyed without detriment to the public, or without interfering with a prior use to which the same has been devoted.

In the matter of the application of the city of Gloversville to acquire an easement in the lands of the Fonda, Johnstown & Gloversville Railroad Company on which to maintain a public sewer. Judgment for petitioner on condition.

William A. McDonald, for petitioner.
Baker, Burton & Baker, for railroad company.

SPENCER, J. This is an application by the city of Gloversville upon a petition praying for the appointment of a commission in proceedings to acquire by condemnation an easement in lands occupied by the Fonda, Johnstown & Gloversville Railroad Company, which easement is sought to be taken by the petitioner for the sole purpose of constructing and maintaining a public sewer for said city. The proceedings are instituted pursuant to chapter 193, p. 466, of the Laws of 1903, being a special act applicable to the city of Gloversville. The party making objection is a railroad corporation organized under and by virtue of the laws of this state, and operating and maintaining a line of road to and through the city of Gloversville upon the lands described in the petition. The railroad company has not, as required by

¶ 2. See Eminent Domain, vol. 18, Cent. Dig. § 107.

the Code (section 3365), raised an issue by answer to allegations set forth in the petition, but has appeared specially and filed three separate objections to the maintenance of the proceedings, the first and third of which were overruled upon the argument, and the second only remains to be considered, which is to the effect that the lands in which the petitioner seeks an easement are necessarily held, owned, and used by the railroad company for an existing public use, pursuant to its charter, and is beyond the condemnatory powers of the petitioner. A careful examination of the petition fails to reveal any allegation of fact which will serve as a support for this objection. It is true that the petition in general terms describes the lands as belonging to the railroad company, and asks to lay a sewer under its tracks, but there is nothing from which the court may make a finding or draw an inference that the railroad company holds the lands in trust for a public use. The mere fact that real estate is owned by and in possession of a railroad corporation is insufficient to create a presumption that it holds the same for a public purpose. It has always been the policy of the state to deny the exercise of the right of eminent domain until the applicant shall satisfy the court that he has made a reasonable effort to purchase the property from the owner, and this rule has been strictly enforced against railroad corporations. Hence it has become a matter of common knowledge that nearly all the real estate occupied by railroad corporations is so occupied by virtue of deeds of purchase, and that only a small modicum of such lands have been acquired under the power of eminent domain by condemnation. This fact is practically conceded by counsel for the railroad company, who, nevertheless, contend that the same rule applies without regard to the manner in which the interest or title is acquired. I have not overlooked certain expressions contained in various published opinions which seem to support the view so contended for, but, as they are clearly obiter, and do not satisfy the judgment of this court, they are not regarded as controlling here. I am of the opinion that the manner in which the interest or title in property is acquired by a railroad corporation creates an important and vital line of distinction in respect to the rights of others to acquire an interest therein for public purposes. In acquiring an interest in lands for the purposes of their roads by condemnation under the power of eminent domain, railroad corporations do not take title to the property, but simply a right to its exclusive possession and use for the public purpose for which it is acquired; and when such use becomes impossible, or is abandoned, the interest so acquired ceases, and the right to the possession of the land reverts to the owner. The title to such property always remains in the owner, the railroad corporation simply acquiring the right to occupy, and such occupation is strictly confined to such lands as are necessary for the public use. Therefore lands so acquired and occupied will be presumed to be devoted to a public use, and another will not be permitted to acquire possession of the same, or any part thereof, for another public use, without express authority from the Legislature.

I think it must be regarded as the settled law of the land that the Legislature may interfere with property held for a public use, and authorize another also to occupy it for another public use, when such

other public use may be enjoyed without detriment to the public, or without interfering with the prior use to which the same has been devoted; but that such delegation of authority must be granted in express terms or arise from necessary implication. The act under which the petitioner is proceeding is challenged as not conferring this authority, but I do not think that question is here for determination, as there is nothing in the record before the court to indicate that any part of the property described in the petition is held by the railroad company under the power of eminent domain and in trust for a public purpose. If any presumption prevails, I think it must be to the contrary. As to the real estate owned and occupied by a railroad corporation under a deed of purchase, the same rule applies as in the case of private individuals. Its right to occupy, by its tracks, any part of the property so purchased, does not spring from any trust imposed upon such property. It may use it for any lawful purpose. The company may abandon the use for railroad purposes without in any way affecting its rights to possession and enjoyment. Apt illustrations of this are found in the case of nearly every railroad corporation. They own dwellings, stores, coal sheds, hotels, and lands devoted to public amusements, and, while all of these purposes may, to some extent, be directly or indirectly beneficial to the business of the corporation, no one will contend that any of such properties are held in trust for a public use. Certainly none of them could have been acquired by virtue of the power of eminent domain; and the mere fact that it may occupy a part of the same for railroad tracks, or other purposes necessary to the business of the corporation, does not change the character of its holding, or in any way affect its title. Its rights in respect thereto, when sought to be condemned, find no greater protection than do the rights of individuals or of corporations not authorized to avail themselves of the power of eminent domain.

I therefore conclude that the objections filed by the railroad company should be overruled, and, as it has made default in answering the petition, the petitioner may take judgment for the relief demanded in accordance with the provisions of section 3369 of the Code of Civil Procedure. The entry of judgment, however, may be delayed for three days in order to allow the railroad company to apply for leave to serve an answer to the petition.

Ordered accordingly.